IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRIME INSURANCE COMPANY,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>GKD MANAGEMENT LP d/b/a A&G COMMERCIAL TRUCKING and MATTHEW WEBB,<br><br>Defendants and Counterclaimants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**<br><br>Case No. 2:20-cv-00252-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This is a declaratory judgment action brought by an insurer, Plaintiff Prime Insurance Company, against its insured, Defendant GKD Management d/b/a A&G Commercial Trucking (GKD) and GKD's employee Defendant Matthew Webb, to determine its coverage obligations under a commercial automobile insurance policy and an excess liability policy (collectively, Policies). Pursuant to the court's discretionary authority over declaratory judgment actions, it declines to exercise jurisdiction over this case. Accordingly, Plaintiff Prime Insurance Company's (Prime) Complaint[1] and Defendants GKD's and Webb's (collectively, Defendants) Counterclaims[2] are DISMISSED WITHOUT PREJUDICE, and the pending motions before the court, a Motion to Vacate Deadlines and Stay Case[3] and a Motion to Intervene,[4] are DENIED as moot.

---

[1] Dkt. 2-1 (Complaint).

[2] Dkt. 3 (GKD's Counterclaim), Dkt. 8 (Webb's Counterclaim).

[3] Dkt. 21.

[4] Dkt. 28. The objections Prime filed in response to briefs concerning the Motion to Intervene are also made moot by this Order. *See* Dkt 43, Dkt. 47.

1

## BACKGROUND

In June 2019, Webb was transporting a mobile home in Carroll County, Georgia, on behalf of GKD when he struck a vehicle driven by Anthony Horace Collins, Sr.[5] The accident caused Collins's death.[6] As a result, Collins's estate, widow, and children (collectively, the Injured Parties) brought suit in the United States District Court for the Northern District of Georgia against four defendants (Georgia Action)[7]: Webb and another individual for negligence, GKD under a respondeat superior theory, and Prime under Georgia's direct action statute.[8] Prime has defended GKD and Webb in the Georgia Action since it began in September 2019, but Prime reserved its rights to challenge whether it has a duty to defend or indemnify GKD and Webb under the Policies.[9]

Six months later, on March 12, 2020, Prime filed its Complaint in Utah state court seeking declaratory judgment.[10] Prime filed its Complaint in Utah state court pursuant to the forum selection clauses in the Policies, which provide that "the jurisdiction of the courts in the State of Utah . . . shall be the exclusive forum for the resolution of any claims or disputes arising

---

[5] Dkt. 2-1 (Complaint) ¶ 13.

[6] *Id.* ¶ 14.

[7] *See* Dkt. 28-2 (Amended Georgia Complaint).

[8] The Injured Parties specifically allege the following in their First Amended Complaint in the Georgia Action:

> Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant PRIME Insurance Company is liable to Plaintiffs and responsible for payment of damages incurred by or owed to the Plaintiffs as a result of the negligent acts of the Defendants. O.C.G.A. § 46-7-12.

Dkt. 28-2 (Amended Georgia Complaint) ¶ 31. Georgia law permits an injured party to directly sue an insurer under Ga. Code §§ 40-1-112(c) or 40-2-140(d)(4) in derogation of the general rule "that a liability insurer may not be joined directly as a defendant in an action for damages against its insured." *Daily Underwriters of Am. v. Williams*, 841 S.E.2d 135, 138 (Ga. Ct. App. 2020) (citations omitted).

[9] *See* Dkt. 2-1, Ex. 5 at 3 ("My client is not denying coverage at this time, it merely reserves the right to do so. As such, it will continue to investigate this claim and provide for your defense in the Collins lawsuit, subject to the reservations set forth above.").

[10] *See* Dkt. 2-1 (Complaint).

between the parties related to any insurance coverage issues."[11]  Although Prime named Defendants in its Complaint, it did not join the Injured Parties.[12]  In short, Prime seeks declaratory judgment that it has no duty to defend or indemnify Defendants from the claims asserted in the Georgia Action because the Policies exclude coverage for accidents caused by illegal drugs, and Webb was allegedly under the influence of illegal drugs at the time of the accident.[13]  Defendants then removed Prime's declaratory judgment action to this court[14] and filed their counterclaims against Prime, seeking declaratory judgment that Prime does have a duty to defend and indemnify Defendants from the claims raised in the Georgia Action.[15]

In May 2020, Defendants filed a Motion to Vacate Deadlines and Stay Case (Motion to Stay), arguing the court should stay this case until the Georgia Action is resolved.[16]  They assert that balancing the equities and the factors enumerated in *State Farm Fire & Casualty Company v. Mhoon* favor staying this case.[17]  Prime opposes the Motion to Stay.[18]

In July 2020, the Injured Parties filed a Motion to Intervene, arguing they should be permitted to intervene under Federal Rule of Civil Procedure 24.[19]  Assuming they are allowed to intervene, the Injured Parties also ask the court to stay or dismiss this case because the same

---

[11] Dkt. 2-1, Ex. 1 at 23; Dkt. 2-1, Ex. 2 at 10.

[12] *See* Dkt. 2-1 (Complaint).

[13] *See id.* ¶ 32.  Prime also asks for a declaration limiting its obligations under an MCS-90 Form to $750,000 and that GKD is obligated to reimburse Prime for any payments made under the MCS-90 Form.  *See id.*

[14] *See* Dkt. 2 (Notice of Removal).

[15] *See* Dkt. 3 (GKD's Counterclaim) at 10, Dkt. 8 (Webb's Counterclaim) at 10.

[16] *See* Dkt. 21.

[17] Dkt. 21 at 7–14 (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

[18] *See* Dkt. 24.

[19] *See* Dkt. 28.

3

issues are already being litigated in the Georgia Action.[20] Prime opposes the Motion to Intervene, but Defendants filed no response.[21]

## LEGAL STANDARD

The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration."[22] Yet, "the Declaratory Judgment Act [gives] the federal courts competence to make a declaration of rights; it [does] not impose a duty to do so."[23]

In the Tenth Circuit, there are "five factors district courts consider in deciding whether to exercise their discretion to hear and decide claims for declaratory judgment":

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[24]

These "are known as the '*Mhoon* factors' and no one factor is determinative."[25]

---

[20] *See id.* at 7–8.

[21] *See* Dkt. 35.

[22] 28 U.S.C. § 2201(a). "Because the Declaratory Judgment Act is procedural in nature, federal law determines whether or not a district court may properly exercise its discretion to hear a claim for declaratory relief. . . . This is true, even where, as in this case, a claim for declaratory relief originates in state court and is removed to federal court. Such a situation does not alter the district court's unique statutory discretion under the Declaratory Judgment Act." *Bd. of Cty. Comm'rs. Of Cty. of Marshall v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1120 (D. Kan. 2001) (quotation marks and citations omitted).

[23] *Mhoon*, 31 F.3d at 982 (quotation marks and citations omitted). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996) (Though we have thus located the power to abstain in the historic discretion exercised by federal courts 'sitting in equity,' we have not treated abstention as a 'technical rule of equity procedure.' . . . Rather, we have recognized that the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief.") (citations omitted).

[24] *Hatton v. Combs*, 793 F. App'x 801, 804 (10th Cir. 2019) (unpublished) (quoting *Mhoon*, 31 F.3d at 983) (alterations in original).

[25] *Century Sur. Co. v. Roybal*, Civ. No. 11-1107 BB/ACT, 2012 WL 13005437, at *2 (D. N.M. Aug. 23, 2012) (citing *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002)).

**ANALYSIS**

The court applies the *Mhoon* factors below and concludes they weigh against the court exercising jurisdiction over this case.

I. **The First Two *Mhoon* Factors Weigh Heavily Against the Court Exercising Jurisdiction**

The first two *Mhoon* factors are (1) "whether a declaratory action would settle the controversy," and (2) "whether it would serve a useful purpose in clarifying the legal relations at issue."[26] These factors "focus on the degree of identity between the parties and issues in the state and federal suits."[27] Under these factors, "[t]he relevant inquiry . . . is whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceedings."[28] Generally, "[w]hen the insurance company is a party in both federal and state court, there is no need for the declaratory judgment action in federal court because the state court has the capacity to resolve the entire matter."[29] Indeed, "whether the state court action would necessarily resolve the issues in the declaratory judgment action" is an "[e]specially relevant" inquiry under these factors.[30]

The first two *Mhoon* factors weigh heavily against the court exercising its jurisdiction over this case. The Injured Parties sued Webb, another individual, GKD, *and* Prime in the Georgia Action, alleging Defendants negligently caused the accident and that Prime is liable for the damages.[31] Under Georgia law, the Injured Parties may sue Prime directly[32] to establish

---

[26] *Mhoon*, 31 F.3d at 983 (citation omitted).

[27] *Bristol W. Ins. Co. v. Salas*, 469 F. Supp. 3d 1175, 1177 (D. N.M. 2020) (citation omitted).

[28] *Id.* at 1178 (quotation marks and citations omitted).

[29] *Id.* (citing *Mhoon*, 31 F.3d at 984).

[30] *Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012).

[31] *See* Dkt. 28-2 (Amended Georgia Complaint).

[32] *See Daily Underwriters of Am.*, 841 S.E.2d at 138.

5

insurance coverage.[33] Here, Prime seeks a declaration that the Policies do not cover GKD and Webb for the alleged damages in the Georgia Action.[34] Thus, where this case will resolve only part of the controversy—the coverage issues—the Georgia Action can provide a comprehensive resolution of the entire controversy. Under these circumstances, it is not useful for the court to issue a decision on the coverage issues.

## II. The Third *Mhoon* Factor Weighs in Favor of the Court Exercising Jurisdiction

The third *Mhoon* factor is "whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*."[35] It does not appear that Prime or Defendants are engaged in procedural fencing or a race to *res judicata*. Instead, the plain language in the Policies explains they are governed by Utah law and Utah courts are "the exclusive forum for the resolution of any claims or disputes arising between the parties related to any insurance coverage issues."[36] Accordingly, this factor favors the court exercising jurisdiction over this action, but it is not determinative because the Injured Parties are not bound by the forum selection clauses in the Policies and may exercise their rights under Georgia law in the Georgia Action.[37]

---

[33] "Coverage must be proved in these actions; if not, no verdict and judgment could be sustained against the insurer." *Pace v. Nat'l Fire Ins. Co. of Pittsburgh*, Civil Action File No. 1:12-CV-3096-MHC, 2015 WL 11199154, at *5 (N.D. Ga. Feb. 3, 2015) (quoting *St. Paul Fire & Marine Ins. Co. v. Fleet Transp. Co.*, 158 S.E.2d 476, 479 (Ga. Ct. App. 1967)).

[34] *See* Dkt. 2-1 (Complaint).

[35] *Mhoon*, 31 F.3d at 983 (quotation marks and citation omitted).

[36] Dkt. 2-1, Ex. 1 at 23; Dkt. 2-1, Ex. 2 at 10.

[37] *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.").

### III.     The Fourth *Mhoon* Factor Weighs in Favor of the Court Exercising Jurisdiction

The fourth *Mhoon* factor is "whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction."[38] Generally, a "state court has an interest in deciding . . . insurance-based contractual questions and in shaping the doctrine within the state."[39]

No state interest would be vindicated by the court declining to exercise jurisdiction over this case because the Injured Parties filed the Georgia Action in federal court. That is, if the court retains jurisdiction over this matter it would not create friction with a state court or encroach upon state jurisdiction because the Georgia Action is in federal court. Accordingly, this factor weighs in favor of the court exercising jurisdiction over this action.

### IV.     The Fifth *Mhoon* Factor Weighs Heavily Against the Court Exercising Jurisdiction

The fifth *Mhoon* factor is "whether there is an alternative remedy which is better or more effective."[40] This factor weighs heavily against the court exercising jurisdiction over this action because "this declaratory judgment action is but one single battle in a larger war—a war that can be resolved in its entirety in [the Georgia Action]."[41] Thus, it is more efficient and effective for the parties' claims to be addressed as defenses to the Injured Parties' claims in the Georgia Action.

---

[38] *Mhoon*, 31 F.3d at 983 (citation omitted).

[39] *Bristol*, 469 F. Supp. 3d at 1179.

[40] *Mhoon*, 31 F.3d at 983 (citation omitted).

[41] *Roybal*, 2012 WL 13005437 at *4 (citation omitted).

7

## CONCLUSION

On balance, the *Mhoon* factors weigh against the court exercising its jurisdiction over this declaratory judgment action. Accordingly, Prime's Complaint,[42] GKD's Counterclaim,[43] and Webb's Counterclaim[44] are DISMISSED WITHOUT PREJUDICE. In the event the Georgia Action does not resolve all issues raised in those pleadings, the parties may refile their claims.

SO ORDERED this 28th day of December 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[42] Dkt. 2-1 (Complaint).

[43] Dkt. 3 (GKD's Counterclaim).

[44] Dkt. 8 (Webb's Counterclaim).